Adam P. Karp, JD, MS
WSBA No. 28622
Animal Law Offices of Adam P. Karp
114 W. Magnolia St., Ste. 400-104
Bellingham, Wash. 98225
(888) 430-0001
adam@animal-lawyer.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WASHINGTON - EASTERN**

| | |
|---|---|
| **LARRAINE REEVES MORRISON,** <br><br> Plaintiff, <br><br> vs. <br><br> **ANTHONY H. FAVERO and MARCENE K. FAVERO, a married couple,** <br><br> Defendants. | Case No.: 2:18-cv-54 <br><br> **COMPLAINT** <br><br> *Jury Demanded* |

Plaintiff **LARRAINE REEVES MORRISON**, through attorney of record **ADAM P. KARP** of **Animal Law Offices of Adam P. Karp**, alleges:

## JURISDICTION, PARTIES, AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332; and venue is properly set in the United States District Court for Eastern District of Washington pursuant to 28 U.S.C. § 1391.

2. The causes of action arise from factual allegations occurring in this judicial district.

**COMPLAINT (2:18-cv-54)**- 1

3. Plaintiff **LARRAINE REEVES MORRISON** resides in Burbank, Calif. and was the owner-guardian of **INDIO** (formerly called Hollywood by the Defendants), a black and white, unbroken, approximately two-year-old mustang colt obtained from the Colville reservation, and depicted below.



4. Defendants **ANTHONY H. FAVERO** and **MARCENE K. FAVERO**, a married couple, reside in Moses Lake, Grant County, Washington.

5. This court has personal jurisdiction over all named defendants.

6. Venue is proper.

7. Ms. Reeves demands trial by jury.

## GENERAL ALLEGATIONS

8. The Faveros advertised and offered Indio for sale.

9. Ms. Reeves expressed an interest in purchasing Indio from the Faveros, but wanted a Coggins test run on him before completing the sale to

**COMPLAINT (2:18-cv-54)**- 2

confirm he was negative for Equine Infectious Anemia ("EIA").

10. At the request of Ms. Reeves, a veterinarian performed the Coggins test on Indio using panels, instead of a squeeze chute, as she did not want Indio subjected to any additional stress.

11. Indio tested negative for EIA on or about January 17, 2018.

12. On or about January 20, 2018, the Faveros sold Indio to Ms. Reeves for $1000, representing his purchase price of $450, Coggins and health certificate of $250, and prepaid hauling by Mr. Favero to Ms. Reeves's trainer in Bend, Ore. for $300.

13. Marcene Favero had a direct role in orchestrating the sale of Indio on behalf of her and her husband, receiving $1000 on behalf of Ms. Reeves on January 21, 2018.

14. After money changed hands, Ms. Reeves's trainer indicated that Indio would need to arrive at his facility in Bend, Ore. gelded, rather than intact. Ms. Reeves thus requested of the Faveros that a veterinarian geld Indio prior to shipping, expecting to be charged for the procedure on top of the $1000 already paid.

15. Mr. Favero offered to geld Indio himself.

16. Ms. Reeves objected to Mr. Favero gelding Indio, insisting instead that a veterinarian perform the procedure. Both Mr. and Mrs. Favero were aware

**COMPLAINT (2:18-cv-54)**- 3

of Ms. Reeves's instructions in this regard.

17. Bruce Higgins, DVM, the veterinarian who performed the physical examination of Indio and draw his blood for the Coggins test, did not geld Indio, nor was he asked to do so.

18. Without knowledge or consent of Ms. Reeves, and while aware that Ms. Reeves expressly objected to him (or any other non-veterinarian) doing so, Mr. Favero performed an unauthorized and cruel scrotal ablation/castration procedure on Indio.

19. On information and belief, Mr. Favero performed the aforementioned procedure without general anesthesia.

20. On information and belief, Mr. Favero is not, and has never been, a licensed veterinarian or veterinary technician in any jurisdiction.

21. On information and belief, Mrs. Favero is not, and has never been, a licensed veterinarian or veterinary technician in any jurisdiction.

22. At the time he performed the unauthorized and cruel procedure, Mr. Favero was not under immediate, direct, or indirect supervision of a licensed veterinarian or a licensed veterinary technician.

23. On January 24, 2018, Mr. Favero transported Indio to Bend, Ore. shortly after the aforementioned scrotal ablation/castration procedure.

24. On the trip to Bend, Ore., Indio lay prostrate in the trailer and was

**COMPLAINT (2:18-cv-54)**- 4

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (866) 652-3832
adam@animal-lawyer.com

reported by Mr. Favero to have been acting ill *en route*. Indio arrived in Bend, Ore. suffering a severe colonic impaction. Within hours of his arrival in Bend, Ore., Indio was hauled to Bend Equine Medical Center ("BEMC") for emergency treatment. He remained at BEMC from January 24, 2018 through January 29, 2018, when he was euthanized.

25.   A necropsy performed on January 29, 2018 confirmed that his colon had ruptured and that the castration site had purulent material suggestive of a post-operative infection.

26.   Ms. Reeves did not know Mr. Favero performed, or caused to be performed, the scrotal ablation procedure until after Indio arrived in Oregon.

27.   The extreme pain and distress associated with the unauthorized and cruel castration procedure, shortly before being hauled several hours to another State, further caused dehydration and/or anorexia, resulting in Indio's colic and ultimate demise.

28.   In so harming Indio, and causing his death, Mr. Favero acted inconsistently with accepted veterinary medical practices.

29.   In so harming Indio, and causing his death, Mr. Favero engaged in the unlawful practice of veterinary medicine, which is a crime per RCW 18.92.240.

30.   Mr. and Mrs. Favero made material misrepresentations, in the course of trade and commerce, including directly, by implication, and/or by omission of

**COMPLAINT (2:18-cv-54)**- 5

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (866) 652-3832
adam@animal-lawyer.com

material facts, by agreeing to retain a veterinarian to perform a gelding procedure on a purchased horse to be shipped across State lines yet, instead, heedlessly performing the procedure under cruel conditions, contrary to all accepted veterinary practices and Ms. Reeves's express instructions.

31. The foregoing acts and omissions were deceptive, unconscionable, unethical, and/or unfair, occurring in the Faveros' conduct of trade or commerce, and injured Ms. Reeves. On information and belief, the Faveros' deceptive and unfair acts harmed others, had the capacity to injure others, and/or have the continued capacity to injure even more.

32. Mr. Favero unlawfully and intentionally inflicted, or caused to be inflicted, substantial pain on and caused physical injury to Indio in violation of RCW 16.52.205.

33. Mr. Favero unlawfully and with malice caused substantial bodily harm to Indio in violation of RCW 16.52.320. In so doing, Mr. Favero acted in willful disregard of the rights of Ms. Reeves, wrongfully without just cause or excuse, and/or while betraying a willful disregard of social duty.

34. Ms. Reeves suffered mental anguish, emotional distress, and interference with enjoyment of life, as well as other noneconomic damages, arising from the harm to Indio, as well as from the unfair and deceptive acts, above-described.

**COMPLAINT (2:18-cv-54)**- 6

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (866) 652-3832
adam@animal-lawyer.com

35. For the aforementioned brutalization of Indio, Ms. Reeves is entitled to recovery of actual damages sustained as a result of said cruel and malicious acts, both economic and noneconomic, in addition to treble said actual damages sustained, and reasonable attorney's fees under RCW 4.24.320.

36. For the aforementioned unfair and deceptive nature of the business transaction involving Indio, Ms. Reeves is additionally entitled to recovery of actual damages sustained as a result of said deceptive and unfair acts, reasonable attorney's fees and costs of suit, in addition to treble actual damages under RCW 19.86.090, and injunctive relief.

37. Ms. Reeves is entitled to monetary damages in excess of the diversity jurisdiction threshold of this court.

## CLAIMS FOR RELIEF

38. The Faveros are liable to Ms. Reeves based on the following legal claims and doctrines, stated in the alternative, related to, *inter alia*:

39. **First Claim** – RCW 4.24.320, premised on RCW 16.52.205(1)(a), RCW 16.52.205(1)(b), and/or RCW 16.52.320.

40. **Second Claim** – RCW 19.86.090, premised on RCW 19.86.020

41. **Third Claim** – Conversion and/or Trespass to Chattels

42. **Fourth Claim** – Breach of Contract

43. **Fifth Claim** – Breach of Bailment

COMPLAINT (2:18-cv-54)- 7

Animal Law Offices of
Adam P. Karp, Esq.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (866) 652-3832
adam@animal-lawyer.com

## **PRAYER**

Ms. Reeves seeks judgment against the Faveros as follows:

A.   For economic damages, expenses paid to the Faveros as described above; costs of transport and veterinary care to try to save Indio's life; and other costs incurred in reliance and expectation of delivery of Indio;

B.   For actual, incidental, and consequential damages arising from breach of contract;

C.   For noneconomic damages;

D.   For prejudgment interest on liquidated sums;

E.   For treble economic and noneconomic damages under RCW 4.24.320;

F.   In addition to treble damages under RCW 4.24.320, treble actual damages under RCW 19.86.090 as a separate punitive or exemplary sum;

G.   For injunctive relief, pursuant to the Consumer Protection Act, seeking an order to protect the public interest and to enjoin the Faveros:

  i.   From engaging in or causing others to engage in acts of animal cruelty, including but not limited to under Ch. 16.52 RCW;

  ii.   From performing veterinary medicine without a license;

  iii.   From performing scrotal ablation/castration procedures on any equine, whether or not owned by the Faveros, and each of them;

  iv.   From engaging in the aforementioned deceptive and/or unfair practices.

H.   For reasonable attorney's fees as allowed by RCW 4.24.320, RCW 19.86.090, by law, and equity;

I.   For costs of suit;

J.   For postjudgment interest at the highest rate permitted by law;

K.   For such other and further relief as the Court may deem just and proper.

**COMPLAINT (2:18-cv-54)**- 8

L.    NOTICE: Ms. Reeves intends to seek money damages in excess of the fee-shifting cap set forth by RCW 4.84.250-.280, as amended.

Dated this February 13, 2018

ANIMAL LAW OFFICES

*/s/ Adam P. Karp*

_____

Adam P. Karp, WSBA No. 28622
*Attorney for Plaintiff Reeves*

**COMPLAINT (2:18-cv-54)**- 9

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (866) 652-3832
adam@animal-lawyer.com